## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MEDIA NETWORKS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 1:14-cv-01495-GMS |
| | ) | |
| CELLO PARTNERSHIP D/B/A VERIZON WIRELESS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| ADVANCED MEDIA NETWORKS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 1:14-cv-1518-GMS |
| | ) | |
| T-MOBILE US, INC.; AND T-MOBILE USA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| ADVANCED MEDIA NETWORKS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT COMMUNICATIONS, INC., SPRINT CORPORATION, BOOST WORLDWIDE, INC., VIRGIN MOBILE USA, INC., VIRGIN MOBILE USA, L.P., CLEARWIRE CORPORATION, AND CLEARWIRE COMMUNICATIONS, L.L.C. | ) | C.A. No. 1:15-cv-0142-GMS  **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF NIKNAZ BUKOVCAN IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *EX PARTE* REEXAMINATION PROCEEDINGS

I, Niknaz Bukovcan, declare under penalty of perjury:

1.    I am an attorney duly licensed to practice in the State of Texas, admitted *pro hac vice* to practice before this Court, and an associate in the law firm of Buether Joe & Carpenter, LLC in Dallas, Texas.  Buether Joe & Carpenter, LLC is counsel of record for Plaintiff Advanced Media Networks, LLC ("Plaintiff") in the above-captioned action.

2.    I submit this Declaration in support of Plaintiff's Response in Opposition to Defendants' Motion to Stay Pending *Ex Parte* Reexamination Proceedings and certify that true and correct copies or excerpts, as appropriate, of the following documents are attached hereto, as listed below.

3.    Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Richard Agostinelli in support of Plaintiff's Response in Opposition to Defendants' Motion to Stay Pending *Ex Parte* Reexamination Proceedings.

4.    Exhibit 2 is the present Declaration.

5.    Attached hereto as Exhibit 3 is a true and correct copy of U.S. Patent No. 5,960,074 ("the '074 Patent").

6.    Attached hereto as Exhibit 4 is a true and correct copy of U.S. Patent No. 6,445,777 ("the '777 Patent").

7.    Attached hereto as Exhibit 5 is a true and correct copy of pages 462-465 of the file history in *ex parte* reexamination control number 90/010,992 ("the '992 reexamination") downloaded February 20, 2015.[1]  The excerpted pages include a "Request for *Ex Parte* Reexamination Transmittal Form" and an "Information Disclosure Statement."

8.    Attached hereto as Exhibit 6 is a true and correct copy of pages 444-447 of the

---

[1] Unless otherwise noted, all file history exhibits were downloaded from the website of the United States Patent and Trademark Office ("USPTO") on or about July 13, 2015.

file history in ex parte reexamination control number 90/010,991 ("the '991 reexamination") downloaded February 20, 2015. The excerpted pages include a "Request for *Ex Parte* Reexamination Transmittal Form" and an "Information Disclosure Statement."

9.      Attached hereto as Exhibit 7 is a true and correct copy of pages 402-427 of the file history in the '992 reexamination. The excerpted pages include an "Order Granting/Denying Request for *Ex Parte* Reexamination."

10.      Attached hereto as Exhibit 8 is a true and correct copy of pages 394-416 of the file history in the '991 reexamination. The excerpted pages include an "Order Granting/Denying Request for *Ex Parte* Reexamination."

11.      Attached hereto as Exhibit 9 is a true and correct copy of pages 1-5 of the file history in the '992 reexamination. The excerpted pages include the "*Ex Parte* Reexamination Certificate."

12.      Attached hereto as Exhibit 10 is a true and correct copy of pages 2-5 of the file history in the '991 reexamination. The excerpted pages include the "*Ex Parte* Reexamination Certificate."

13.      Attached hereto as Exhibit 11 is a true and correct copy of pages 517-549 of the file history in *ex parte* reexamination control number 90/012,728 ("the '728 reexamination"). The excerpted pages include the "Request for *Ex Parte* Reexamination under 35 C.F.R. § 1.510," filed on Nov. 29, 2012.

14.      Attached hereto as Exhibit 12 is a true and correct copy of pages 434-469 of the file history in *ex parte* reexamination control number 90/012,729 ("the '729 reexamination"). The excerpted pages include the "Request for *Ex Parte* Reexamination under 35 C.F.R. § 1.510," filed on Nov. 29, 2012.

3

15.     Attached hereto as Exhibit 13 is a true and correct copy of pages 410-426 of the file history in the '728 reexamination. The excerpted pages include an "Order Granting/Denying Request for *Ex Parte* Reexamination."

16.     Attached hereto as Exhibit 14 is a true and correct copy of pages 364-379 of the file history in the '729 reexamination. The excerpted pages include an "Order Granting/Denying Request for *Ex Parte* Reexamination."

17.     Attached hereto as Exhibit 15 is a true and correct copy of pages 532-607 of the file history in *ex parte* reexamination control number 90/012,789 ("the '789 reexamination"). The excerpted pages include the "Request for *Ex Parte* Reexamination under 35 C.F.R. § 1.510," filed on Feb. 5, 2013.

18.     Attached hereto as Exhibit 16 is a true and correct copy of pages 412-482 of the file history in *ex parte* reexamination control number 90/012,790 ("the '790 reexamination"). The excerpted pages include the "Request for *Ex Parte* Reexamination under 35 C.F.R. § 1.510," filed on Feb. 6, 2013.

19.     Attached hereto as Exhibit 17 is a true and correct copy of pages 381-385 of the file history in the '789 reexamination. The excerpted pages include the "Decision *Sua Sponte* Merging Proceedings per 37 C.F.R. § 1.565(c)."

20.     Attached hereto as Exhibit 18 is a true and correct copy of pages 6-24 of the file history in *ex parte* reexamination control number 90/012,810 ("the '810 reexamination"). The excerpted pages include an "Order Granting/Denying Request for *Ex Parte* Reexamination."

21.     Attached hereto as Exhibit 19 is a true and correct copy of pages 6-8 of the file history in the '728 reexamination. The excerpted pages include the "*Ex Parte* Reexamination Certificate."

4

22.     Attached hereto as Exhibit 20 is a true and correct copy of pages 7-8 of the file history in the '729 reexamination.  The excerpted pages include the "*Ex Parte* Reexamination Certificate."

23.     Attached hereto as Exhibit 21 is a true and correct copy of pages 1262-1392 of the file history in *ex parte* reexamination control number 90/013,383 ("the '383 reexamination"). The excerpted pages include the "Request for *Ex Parte* Reexamination under 35 C.F.R. § 1.510," filed on Oct. 24, 2014.

24.     Attached hereto as Exhibit 22 is a true and correct copy of pages 182-309 of the file history in *ex parte* reexamination control number 90/013,382 ("the '382 reexamination"). The excerpted pages include the "Corrected Original Request for *Ex Parte* Reexamination under 35 C.F.R. § 1.510," filed on Nov. 12, 2014.

25.     Attached hereto as Exhibit 23 is a true and correct copy of Order RE: Motion for Partial Summary Judgment (Dkt. 84) in *Advanced Media Networks, LLC v. Row 44, Inc., et al.,* 2-12-cv-11018, (C.D. Cal. October 6, 2014).

26.     Attached hereto as Exhibit 24 is a true and correct copy of pages 898-948 of the file history in the '383 reexamination.  The excerpted pages include the first "Office Action in *Ex Parte* Reexamination."

27.     Attached hereto as Exhibit 25 is a true and correct copy of pages 1-76 of the file history in the '382 reexamination.  The excerpted pages include the first "Office Action in *Ex Parte* Reexamination."

28.     Attached hereto as Exhibit 26 is a true and correct copy of pages 758-896 of the file history in the '383 reexamination.  The excerpted pages include AMN's response to the first "Office Action in *Ex Parte* Reexamination."

29.     Attached hereto as Exhibit 27 is a true and correct copy of "*Ex Parte Reexamination Filing Data - September 30, 2013*," published by the USPTO available at http://www.uspto.gov/learning-and-resources/statistics/reexamination-information/ex_parte_historical_stats_roll_up_EOY2014.pdf. This document was downloaded from the USPTO's website on or about July 8, 2015.

30.     Attached hereto as Exhibit 28 is a true and correct copy of pages 438-440 of the file history in the '789 reexamination. The excerpted pages an "Information Disclosure Statement" including the label by the Examiner stating "ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH."

31.     Attached hereto as Exhibit 29 is a true and correct copy of pages 348-351 of the file history in the '790 reexamination. The excerpted pages an "Information Disclosure Statement" including the label by the Examiner stating "ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH."

32.     Attached hereto as Exhibit 30 is a true and correct copy of a letter sent by Seth Ostrow to William B. Petersen, Vice President, General Counsel and Secretary of Verizon Wireless, on November 6, 2012.

33.     Attached hereto as Exhibit 31 is a true and correct copy of a letter sent by Seth Ostrow to Charles Wunsch, General Counsel, Senior Vice President and Corporate Secretary of Sprint Nextel Corporation, on November 6, 2012.

34.     Attached hereto as Exhibit 32 is a true and correct copy of a letter sent by Seth Ostrow to Dave Miller, Chief Legal Officer and General Counsel of T-Mobile USA, Inc, on November 6, 2012.

35.     Attached hereto as Exhibit 33 is a true and correct copy of a response letter from

Michael J. Holden, Assistant General Counsel of Verizon Wireless to Seth Ostrow, on January 29, 2013.

36.     Attached hereto as Exhibit 34 is a true and correct copy of the United States Patent and Trademark Office Statistical Data powerpoint presentation from the Central Reexamination Unit for Fiscal Years 2012-2013 dated September 30, 2013, downloaded from http://www.uspto.gov/patents/stats/crudatareport.pptx on July 15, 2015.

I declare the foregoing to be true under the penalty of perjury on this 20th day of July 2015.

_/s/Niky Bukovcan_
Niknaz Bukovcan